IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALISSA CONRADI DEL REAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No.  14-cv-277-CJP |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant.[1] | |

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act. **(Doc. 32).** Defendant filed a response in opposition at Doc. 36 and plaintiff filed a reply at Doc. 37.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified. The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  See, *Casey v. Berryhill*, __ F3d. __, 2017 WL 398309 (7th Cir. Jan. 30, 2017).  She is automatically substituted as defendant in this case. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g).

1

pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff is, therefore, the prevailing party. *See,* **Shalala v. Schaefer, 509 U.S. 292, 302 (1993).**

In her response to the motion, the Commissioner argues the Court should not award fees because the government's position was substantially justified and plaintiff's fees sought are unreasonable.

1. Substantially Justified

The EAJA does not define the term "substantially justified," and the Seventh Circuit has recognized that its meaning in this context is not "self-evident." **U.S. v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378, 381 (7th Cir. 2010).** However, in view of the purpose of the Act, substantially justified means something more than "not frivolous;" the government's position "must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." **Id., at 381-382.**

The government's position is substantially justified where it had a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." **Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004)(internal citations omitted).** The Commissioner bears the burden of demonstrating that her position was substantially justified, and the Court must make a determination based on an assessment of both the government's pre-litigation and litigation conduct, including the decision of the ALJ. **Id.**

The evidence in the administrative record and the specifics of the ALJ's

decision are discussed in detail in the Memorandum and Order remanding the case, Doc. 30.

Plaintiff argued that the ALJ erred in weighing medical opinions, improperly assessed plaintiff's credibility, and failed to ask appropriate hypothetical questions to the vocational expert. This Court found merit in plaintiff's first point and deferred ruling on the other three points. This Court concluded that the ALJ's review of the medical evidence was highly selective and undermined his findings as to plaintiff's credibility, the weight he afforded plaintiff's treating physician, and his ultimate findings as to plaintiff's RFC.

The Commissioner characterizes the ALJ's errors with regard to the treating physician's opinion as "errors of articulation" and argues they do not necessitate a finding that the government's position was not substantially justified, Doc.36, pp. 3-4. The Commissioner cites **Stein v. Sullivan, 966 F.2d 317, 319-320 (7th Cir. 1992)**, in support of this argument. However, **Stein** did not establish a *per se* rule that attorney's fees will not be awarded whenever the error was a failure to meet the articulation requirement. **See, Conrad, 434 F.3d at 991.**

The Commissioner fails to advance arguments that show her position was substantially justified as a whole. **Gatimi v. Holder, 606 F.3d 344, 349-50 (7th Cir. 2010)**. She does not indicate how she had a rational ground for her arguments nor does she substantiate her claims that a genuine dispute exited. Therefore, the Court finds that plaintiff is entitled to an award of attorney's fees under the EAJA.

3

2. Unreasonable Fees

The Commissioner argues that both the hourly rate and the number of hours plaintiff's counsel claims are unreasonable.

As to the hourly rate, counsel asks the Court to award him $190.95 per hour for attorney time and $75.00 per hour for legal assistant time. The Commissioner states that attorneys representing claimants in social security cases are allowed a maximum of $125 per hour per the EAJA but she acknowledges that the courts may award enhanced fees due to an increased cost of living. **Sprinkle v.Colvin, 777 F.3d 421, 423 (7th Cir. 2015).**

In **Sprinkle**, the Court clarified that EAJA claimants that seek inflation-based rate adjustments do not need to prove the "effects of inflation on the particular attorney's practice" and do not need to prove "that no competent attorney could be found for less than the requested rate." **Id. at 423.** Instead, a claimant can rely upon a "general and readily available measure of inflation such as the Consumer Price Index [CPI]." **Id**. "An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden." **Id**.

This does not make a fee increase automatic because the government can still raise evidence that the CPI does not provide an accurate measure of the cost of living in a certain market. **Id.** The claimant must also supply "satisfactory evidence" that the "rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." **Id**. A district court may, "in its discretion" find one sworn

4

statement from the claimant's attorney as sufficient for this purpose. *Id.* at 429.

The Commissioner argues first that plaintiff's CPI calculation was unclear. In paragraph eight of plaintiff's affidavit she set forth the method of calculation and noted that she used the month of August 2014 because that is when most of the work was completed. (Doc. 32, pgs. 2-3).

However, the Court notes that the Commissioner is correct in noting that the CPI for "all urban consumers" on a national level is not the same as the CPI applicable to the Midwest area where plaintiff's attorney practices law. The Midwest area CPI for August 2014 was $186.70. Therefore, the Court will use this figure in determining plaintiff's ultimate reward. This rate is similar to what other judges in this Circuit have approved since *Sprinkle*. *See, eg, Trump v. Colvin,* **2015 WL 970111 at \*3, 4 (N.D.Ill.2015);** *Smith–Harvey v. Colvin,* **2015 WL 1548955 at \*2 (S.D.Ind.2015);** *Embry v. Colvin***, No. 12 C 3685, 2015 WL 4720106, at \*4 (N.D. Ill. Aug. 4, 2015).**

Plaintiff contends the number of hours her counsel and his support staff expended on the case, approximately 59.83, is reasonable and the court has the discretion to award fees for those hours. There is no *per se* rule for capping hours, instead the Court must analyze if the hours are "reasonably expended." It is an attorney's responsibility to use "billing judgment" because "hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart,* **461 U.S. 424, 433–434 (1983).** To determine if hours are reasonably expended, factors

5

like novelty and difficulty of the questions, the skill required to perform the legal service, and the customary fee are taken into consideration. ***Id.* at 434.**

The Commissioner argues that the 23 hours plaintiff spent drafting the motion for summary judgment was excessive and the 2 hours and 40 minutes drafting the EAJA petition was unjustified. The Commissioner notably fails to state how many hours she feels would be considered reasonable for the petitioner to claim.

The Commissioner also argues that plaintiff's case was "relatively routine" and the issues raised in plaintiff's brief on the merits were neither new nor novel. Further, she argues that plaintiff's brief "primarily cited well-established case authority for legal propositions that were neither unusual nor particularly complex." Doc. 36, p. 5. The Commissioner contends that with plaintiff's counsel's experience, 23 hours drafting spent plaintiff's initial motion and memorandum and 2 hours and 40 minutes drafting an EAJA petition were excessive.

The Commissioner is correct that plaintiff's counsel routinely raises the issues he raised in this case in other Social Security cases. However, this does not support the idea that plaintiff's counsel put little or no work effort into this case. Further, the Court agrees with plaintiff that classifying a case as "typical" does not mean plaintiff is not entitled to fair compensation for the time her attorney spent advocating on her behalf.

The Court notes that 59.83 hours is not completely outside the realm of reasonableness for a social security disability case. ***See, e.g., Porter v.***

***Barnhart,* No. 04 C 6009, 2006 WL 1722377, at 4 (N.D. Ill. June 19, 2006) (awarding 88.2 hours of attorney's fees)**. The evidentiary record in this case was almost 900 pages long, and plaintiff's brief was 45 pages. Plaintiff's counsel claims he spent 23 hours drafting the motion for summary judgment and supporting memorandum. This is understandable considering he did not also claim additional time spent analyzing the record. Further, spending 2 hours and 40 minutes on the EAJA briefs is logical since plaintiff had to obtain affidavits from other attorneys, research, draft, and submit the brief.

The Court notes that 59.83 hours is considered to be on the "high end of the range of hours that courts within this circuit have considered reasonable for social security appeals." ***Schulten v. Astrue,* 2010 WL 2135474, at \*6 (N.D.Ill.2010)(finding the "permissible range" to be, "generally speaking" 40 to 60 hours)**. However, as plaintiff's counsel notes, there are many cases where comparable or greater hours have been awarded.[2]

---

[2] *Claiborne ex rel. L.D. v. Astrue*, 877 F. Supp. 2d 622, 624 (N.D. Ill. 2012), where the hourly time spent by the attorney was not contested (Plaintiff has submitted invoices showing that her attorneys worked a total of 73.1 hours, including time spent preparing the fee petition and reply brief. Specifically, Barry Schultz worked 24.6 hours; Lauren Rafferty worked 35.9 hours; and Julie Coen worked 12.6 hours. Two legal assistants worked an additional 1.3 hours.) (Doc. 45–3; Doc. 49, at 15 n. 10); *Bias v. Astrue*, 11 C2247, 2013 WL 615804, \*1 (N.D. Ill. Feb. 15, 2013) (Plaintiff has submitted an "EAJA Itemization of Time" showing that his counsel worked a total of 64 hours. The legal assistants worked an additional 1.9 hours); *Spaulding vs. Astrue*, 08 C 2009, 2011 WL 1042580, \*3 (N.D. Ill. Mar. 22, 2011) (55 hours of attorney time at a rate of $170 an hour ($9,350), and 2.7 hours of legal assistant time at a rate of $85 an hour ($229.50); *Scott v. Astrue*, 08 C 5882, 2012 WL 527523, \*5 (N.D. Ill. Feb. 16, 2012)(59.6 hours in the district court for Ms. Scott's initial claim held to be proper); *Schulten v. Astrue*, 08 C 1181, 2010 WL 2135474, \*6 (N.D. Ill. May 28, 2010) "The requested number of hours—48.75— is within the permissible range for cases like this, which is, generally speaking, 40 to 60 hours. *See Nickola v. Barnhart,* 2004 WL 2713075, \*2 (W.D.Wis. Nov.24, 2004)(roughly 60 hours of combined law clerk and attorney time it took to produce plaintiff's briefs was not excessive); *Holland v. Barnhart,* 2004 WL 419871, \*2 (N.D.Ill. Feb.3, 2004)(56.85 hours devoted to the preparation of "three briefs, totaling 48 pages" not unreasonable); *Anderson v. Barnhart,* 2006 WL 4673476, \*5 (N.D.Ill. Feb.9, 2006)(38.9 hours spent on brief and reply "unextraordinary"); *Cuevas v. Barnhart,* 2004 WL 3037939, \*2 (N.D.Ill.2004) (56.5 hours of attorney work found

The Commissioner contends that the staff hours plaintiff requests to be compensated for are not allowed under the EAJA. She cites a series of cases that indicate fees for clerical tasks such as reviewing service of summonses, sending proof of service to the court, making phone calls, and preparing the EAJA itemization are traditionally done by non-professional staff. This qualifies it as overhead and is not properly billable. However, time spent on a request for an extension of time is properly included in a fee request. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999)(quoting *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995)); *Seamon v. Barnhart,* No. 05-C-0013, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006). Looking at the itemized time sheet, the Court finds that .92 of the hours claimed as "staff time" cannot be compensated. This leaves the amount of billable staff time at 4.33 hours and equates to $324.75.

Finally, the Court looks at plaintiff's request for an additional $811.71 for the time spent on her reply brief for the current matter. Plaintiff's attorney claims he spent an additional 4.25 hours on the response to the Commissioner's response to her petition for attorney's fees. The Court notes that replying to the Commissioner's response is completely voluntary and not required for the merits of the motion to be reviewed. However, plaintiff had to do additional research on the issues presented by the Commissioner within her response to plaintiff's motion for fees. As a result the Court finds plaintiff's time spent preparing the reply justified, but at the rate of $186.70 an hour, making

---

reasonable); *Taylor v. Barnhart,* 2004 WL 1114783, *3 (N.D.Ill. May 14, 2004) (51 hours of attorney work found reasonable).

the addition total $793.48.

For the reasons discussed above, plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (**Doc. 32) is GRANTED.**

The Court awards attorney's fees in the amount of $11,308.32 (eleven thousand three hundred and eight dollars and thirty-two cents).

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per ***Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).** However, any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATE:  March 30, 2017**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**